# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 419 | **DATE** | October 29, 2010 |
| **CASE TITLE** | Hughest Gibson (#2009-1209210) v. Sergeant Vasavid, et al. | | |

**DOCKET ENTRY TEXT:**

Defendant Vasavids' motion to dismiss [23] is denied. Vasavid is directed to answer or otherwise plead to the amended complaint within 30 days of the date of this order. Plaintiff's motion for this court to compel greater access to the jail's library [27] is denied without prejudice; however, the court certifies that Plaintiff has a case pending before this court, and he should be given reasonable access to the library in accordance with the facility's rules. The clerk shall forward a copy of this order to the Administrative Office of the Cook County Jail.

■ [For further details see text below.]                                  Docketing to mail notices.

## STATEMENT

    Plaintiff Hughest Gibson, an inmate currently incarcerated at the Cook County Jail (#2009-1209210), filed this 42 U.S.C. § 1983 action against Chicago Police Officers J. Vasavid, M. Rubino, and J. Harmon. In an amended complaint, Plaintiff asserts that he was falsely arrested and wrongfully charged with unlawful possession of a knife and reckless conduct. Rubino and Harmon have recently been served, but an appearance has not yet been entered for them. Vasavid has filed a motion to dismiss. Plaintiff has responded. For the following reasons, the court denies Vasavid's motion.

    When reviewing a motion to dismiss, this court considers all well-pleaded allegations to be true, as well as any inferences reasonably drawn therefrom. *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1940-41 (2009). Although a complaint need only provide enough information to sufficiently give notice of the claim and the grounds upon which it rests, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must also "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). A complaint must do more than recite the elements of a cause of action, and mere labels and legal conclusions are insufficient to state a claim. *Bell Atlantic*, 550 U.S. at 555. Nor must a court presume facts not alleged. *Id.* Additionally, if a plaintiff pleads facts demonstrating that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

    Plaintiff lists the following claims in his amended complaint: false arrest, false imprisonment, conspiracy, and malicious prosecution. (R. 22, Amended Compl., 7.) His other purported claims (misuse of authority and failing to prevent a wrong) appear not to be claims but simply descriptions of the allegations supporting the four claims listed above. In support of his claims, Plaintiff states the following facts. Officer Vasavid stopped Plaintiff and conducted a computer check. (*Id.* at 3-4.) Vasavid was about to let Plaintiff go, but Officers Rubino and Harmon, who arrived during the computer check, wanted to keep Plaintiff in custody. (*Id.* at 4-5.) Plaintiff alleges that, during the computer check, Rubino and Harmon walked to a nearby Jewel grocery store (possibly
(CONTINUED)

isk

to get a knife), returned, pulled Vasavid to the side, and told her that they wanted to charge him with unlawful possession of a weapon. According to Plaintiff, "I asked Vasavid if I could be release[d] to go, she responded that it was up these guys (Harmon and Rubino) now." (*Id.* at 5.) Plaintiff was taken into custody, charged with reckless conduct and unlawful possession of a weapon, and was transferred to Stateville where he was detained pending the resolution of the charges. (*Id.*) The charges were later dismissed. (*Id.*)

Defendant Vasavid argues in her motion that she should be dismissed because Plaintiff's complaint does not allege that she participated in the arrest. According to Vasavid, "Plaintiff alleges that, on January 6, 2009, he was initially stopped and questioned by Officer Vasavid and later arrested by two other detectives." (R. 23, Motion to Dismiss, 1.) With respect to Plaintiff's malicious prosecution claim, Vasavid contends that the claim is not a federal claim. (*Id.* at p.3.)

In his response to Vasavid's motion, Plaintiff attaches arrest records. (R. 26, Pl.'s Response, 6-10.) The arrest report lists as the "victim" Officer Vasavid. (*Id.* at 6.) No other officers are listed in the report. The report's description of the offense states that Officer Vasavid stopped Plaintiff and that she arrested him when, in response to one of her questions, he stated that he had a knife. The factual description of the offense does not indicate that officers other than Vasavid were involved, and the report states that she applied handcuffs and brought him to the police station. (*Id.* at 7.)

To state a claim of false arrest, Plaintiff must assert facts that can demonstrate that he was arrested without probable cause and that the Defendants acted unreasonably when determining that probable cause existed. *Bentz v. City of Kendallville*, 577 F.3d 776, 779 (7th Cir. 2009); *Belcher v. Norton*, 497 F.3d 742, 748 (7th Cir. 2007).

Although Vasavid attempts to parse out the initial stop from the arrest, Plaintiff's pleadings and the arrest records indicate that Vasavid participated not only with stopping Plaintiff but also with the arrest and charging him. A more fully developed record may reveal that she did not so participate, but such cannot be determined based on the pleadings currently before the court. With respect to the malicious prosecution claim, Vasavid is correct that such a claim, by itself, is not cognizable in federal court. *See Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001) (there is no federal claim for malicious prosecution so long as state law provides remedies for that tort, which Illinois does). However, Plaintiff's state-law malicious prosecution claim may be brought with his § 1983 claims, and this court may address the claim under its supplemental jurisdiction.

Plaintiff response to the motion to dismiss states that he seeks to bring additional claims of conspiracy and false imprisonment. (R. 26, Pl.'s Resp., 3.) As previously noted, however, Plaintiff listed these claims in his amended complaint. (R. 22, Amended Compl., 7.) Furthermore, Plaintiff's allegations support both a claim of false imprisonment and a claim of conspiracy. To state a false imprisonment claim, a plaintiff must allege that he was imprisoned prior to judicial process without probable cause. *National Cas. Co. v. McFatridge*, 604 F.3d 335, 344 (7th Cir. 2010). Plaintiff's allegations that he was brought to a police station following his arrest and later charged with two offenses state, if not expressly then at the least by a reasonable inference, that he was imprisoned prior to being detained by judicial process. (R. 22, Amended Compl., 5.)

To state a § 1983 civil conspiracy claim, Plaintiff must allege (1) an express or implied agreement among the Defendants to deprive him of his constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement. *Sroga v. Weiglen*, No. 08 C 1789, 2008 WL 4831693, 2 (N.D. Ill. 2008) (Guzman, J.) (citing *Scherer v. Balkema*, 840 F.2d 437, 441-42 (7th Cir. 1988)). Plaintiff's allegations that Officers Harmon and Rubino spoke to Vasavid and that she then allowed the arrest, particularly when considered in conjunction with the arrest reports listing her as the arresting officer, sufficiently state a claim of conspiracy. It is unclear whether a conspiracy claim is needed, given that Plaintiff may proceed against Vasavid directly for false

**(CONTINUED)**

| STATEMENT (continued) |
|---|

arrest, false imprisonment, and malicious prosecution. "Proof of civil conspiracy simply broadens the scope of liability under § 1983 to include individuals who were part of a conspiracy but did not act directly to deprive plaintiff of his or her constitutional rights." *Smith v. Village of Dolton*, No. 09 C 6351, 2010 WL 744313, 4 (N.D. Ill. 2010) (Darrah, J.). "Section 1983 does not, however, punish conspiracy; an actual denial of a civil right is necessary before a cause of action arises." *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir.1982). Nevertheless, because Plaintiff lists conspiracy and asserts facts to support the claim, the court will allow it at this time, rather dismissing it as unnecessary.

    Accordingly, for the reasons stated above, Vasavid's motion is denied. She must answer the amended complaint or otherwise respond within 30 days of the date of this order.